IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLENN S. HOREN, et al.,

                       Plaintiff,          Case No. 3:06 CV 1635

    -vs-

                                                MEMORANDUM   OPINION

BOARD OF EDUCATION OF
CITY OF TOLEDO PUBLIC
SCHOOL DISTRICT, et al.,

                       Defendant.

KATZ, J.

## I. Jurisdiction

This matter is before the Court on Plaintiff's motion to remand to state court (Doc. No. 29), Defendant's opposition (Doc. No. 30) and Plaintiff's reply (Doc. No. 31). This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Background

Glenn and Joanne Horen ("Plaintiffs") originally filed the underlying matter in the Lucas County Court of Common Pleas as Case No. CI 2006 3715. When the case was removed, it involved a federal question as well as questions of state law, and this Court accordingly assumed jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367. Plaintiffs have since notified this Court that they dismiss the federal claim brought in the original suit, specifically the claim pled pursuant to the Rehabilitation Act of 1973. Doc. No. 29. As a result, the claims that remain are state law questions, and Plaintiffs have accordingly requested that this case be remanded to the Court of Common Pleas.

For the reasons enumerated below, this Court grants Plaintiffs' motion and hereby remands the case to the Lucas County Court of Common Pleas.

**III. Discussion**

When a case is removed from state to federal court on the basis of federal question jurisdiction, and subsequently federal claims are dropped from the case, leaving only state claims, a district court has broad discretion in deciding whether to remand the case to the state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244 (6th Cir. 1996). When all that remains are pendent state claims, a district court may decline to exercise supplemental jurisdiction over those claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

> [A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. at 350 (citing *Mine Workers v. Gibbs*, 383 U.S. 715 (1966)). Specifically, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson*, 89 F.3d at 1254-55.

In this case, the factors of judicial economy, convenience, fairness, and comity balance in favor of remanding the case. Judicial economy will be at least equal in both federal and state courts. Convenience would be similar, since both courts have already encountered the case and are located in close physical proximity to one another. Fairness would be equal, and the parties do

not contest this factor (nor does Defendant dispute the other factors). Comity would be more satisfied by a remand, since the case involves only state claims and a local school district. As between the state and federal judiciary, it should be the state court that rules on state issues of a local school district when there are no federal questions or other bases for federal jurisdiction.

This case should also be remanded because it was filed here on July 7, 2006 and is in the early states of litigation. *See Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991) (only "overwhelming interests in judicial economy may allow a district court to properly exercise its discretion and decide a pendent state claim even if the federal claim has been dismissed before trial."); *Gaff v. Federal Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987) ("It is generally recognized that where, as in this case, federal issues are dismissed before trial, district courts should decline to exercise pendent jurisdiction over state law claims.").

Defendants argue that remand should be denied because Plaintiffs are involved in forum-shopping. Defendants point to language in *Cohill* that provides:

> A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case. The district courts thus can guard against forum manipulation . . .

*Cohill*, supra at 357. However, as the Sixth Circuit has noted,

> We do not believe that federal jurisdiction is a quicksand in which, plaintiff having haplessly wandered in, she remains trapped because of the district court's refusal to permit escape. Likewise, we do not believe that such a plaintiff who appears to be pursuing a particular cause of action is precluded from modifying her pleadings so as to express a different cause of action, if the new theory fits with the facts of her case.

3

*Roberts v. Autoalliance Int'l, Inc*., 1993 U.S. App. LEXIS 15359, 24 (6th Cir. 1993). Compare *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195 (6th Cir. 2004) (finding forum manipulation where the "case had been on the district court's docket for a substantial amount of time (11 months)[,] the parties had completed discovery[, movant] did not abandon his federal claim until he filed his amended complaint[,] Defendants' summary judgment motions were ripe for decision[, and] the court had made several substantive rulings").

The law herein discussed supports this Court's decision to remand the case to state court. There is no evidence that Plaintiffs are engaging in forum-manipulation. In the amended complaint, five of the six stated causes of action are based solely on state law. Doc. No. 3. The sixth is based partly on state law and partly on the Rehabilitation Act. Plaintiffs are not going to lengths to drop the federal question from their claim. They are amending one of the six causes of action. There are no substantive or dispositive motions pending before this Court; the case has only been on this Court's docket for approximately three months, not a substantial period of time; the parties have not engaged in any discovery; and these details of the case, in light of the law's tendency to remand such cases, support remand.

As another allegation of forum manipulation, Defendant alleges that "[t]he reason Plaintiffs seek to have the case remanded to state court is . . . Plaintiff Joanne Horen has been employed as a staff attorney in the Lucas County Court of Common Pleas for several years." Defendants' Brief, Doc. No. 30, at 2.

This Court comfortably presumes that if a conflict were to arise because of Joanne Horen's employment with the Court of Common Pleas, that institution follows procedures to protect against conflicts of interest that would apply to this matter. This Court has no occasion to

4

question those protections, and so does not find Ms. Horen's employment a compelling enough reason to refuse to remand this case in light of the law and facts discussed above.

**IV. Conclusion**

Plaintiffs' motion to remand (Doc. No. 29) is hereby granted. The matter shall be remanded to the Lucas County Court of Common Pleas.

IT IS SO ORDERED.

                                                    s/ *David A. Katz*
                                                    DAVID A. KATZ
                                                    U. S. DISTRICT JUDGE